1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DOUGLAS BRITT,

11              Petitioner,                No. CIV-S-06-2317 RRB KJM P

12        vs.

13   D. L. RUNNELS, et al.,

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a California prisoner proceeding pro se with an application for writ of

17   habeas corpus under 28 U.S.C. § 2254.  Petitioner is serving a sentence of seventeen years'

18   imprisonment in the California Department of Corrections and Rehabilitation.  Respondent has

19   filed a motion asking that the court dismiss this matter as time-barred.  Oral argument was heard

20   with respect to respondent's motion on October 17, 2007.

21              Title 28 U.S.C. § 2244(d)(1) provides as follows:

22              A 1-year period of limitation shall apply to an application for a writ
               of habeas corpus by a person in custody pursuant to the judgment
23             of a State court.  The limitation period shall run from the latest of –

24             (A) the date on which the judgment became final by the conclusion
               of direct review or the expiration of the time for seeking such
25             review;

26   /////

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on May 20, 2003 when time expired to file a petition for writ of certiorari in the United States Supreme Court. Resp't's Lodged Doc. 3; Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitations period began running the next day on May 21, 2003.

Petitioner filed several applications for collateral relief in California state courts. The first was filed on February 23, 2004, and petitioner received word that the last was denied on July 14, 2006. Mot. at 2:4-6; Opp'n at 2:17-19, 5:25-6:12, Exs. 3-4; Reply at 5:4-7; Resp't's Lodged Docs. 4-13. This action was filed on October 19, 2006. Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In light of what follows, the court need not decide whether and to what extent petitioner should receive tolling under 28 U.S.C. § 2244(d)(2).

A review of the record before the court discloses there does not appear to be any arguable basis to toll the limitations period between May 21, 2003 and February 22, 2004; petitioner concedes as much. Between those dates, the limitations period ran for 278 days. There also does not appear to be any basis to toll the limitations period between July 15, 2006 and October 19, 2006. Petitioner asserts there was some confusion as to who was going to

1  represent petitioner in this action and that confusion delayed filing after petitioner received word

2  that his final state application for collateral relief had been denied.  But it appears the confusion

3  lasted for only about two weeks toward the end of July 2006, Opp'n at 7:14-21, and petitioner

4  fails to present anything indicating that this short delay made it impossible for petitioner to file in

5  this court within 87 days of July 15, 2006 -- by October 10, 2006 -- as required to equitably toll

6  the limitations period.  See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir.

7  2005).  Petitioner also asserts he should receive equitable tolling for the same two week period

8  because he is a sex offender, which makes his participating in his legal proceedings more

9  difficult than other prisoners; thus he says it is unreasonable to expect he could "carry the ball"

10  while the question of who was representing him was being resolved.  Opp'n at 8:5-28.  Assuming

11  this is true, petitioner still has not shown that this fact made it impossible for petitioner to file by

12  October 10, 2006.[1]

13          Finally, petitioner argues that the court should waive the statute of limitations

14  with respect to his indecent exposure conviction because he has made a showing of actual

15  innocence.  See Opp'n at 9-13.  In Schlup v. Delo, 513 U.S. 298, 316 (1995), the Supreme Court

16  held that an otherwise procedurally defaulted habeas petition could be heard on the merits if the

17  habeas petitioner presents evidence of innocence "so strong that a court cannot have confidence

18  in the outcome of trial."  However, neither the Ninth Circuit nor the Supreme Court has held that

19  a showing by a habeas petitioner meeting the Schlup standard would be sufficient to deem the

20  limitations period inapplicable.  See, e.g., Majoy v. Roe, 296 F.3d 770, 775-77 (9th Cir. 2002).

21  Petitioner does not point to any evidence other than the evidence presented at trial in support of

22  his argument.

23          Petitioner's argument that he is innocent of indecent exposure centers around the

24  _____

25  [1]  At hearing, petitioner's counsel effectively conceded that once the question of representation was resolved, and counsel began to work on petitioner's federal petition, counsel was unaware of the prior delays associated with petitioner's state court filings and did not take

26  steps to clarify whether there had been delays.

3

1   fact that there was no evidence presented at trial that the victim actually saw his genitals.  But

2   there is no such requirement for a conviction of indecent exposure.  Under California law, a

3   conviction for indecent exposure requires evidence that a defendant actually exposed his or her

4   genitals in the presence of another person.  People v. Carbajal, 8 Cal. Rptr. 3d 206, 211 (2004).

5   There is no requirement that the victim see the defendant's genitalia as long as there is sufficient

6   circumstantial evidence that exposure occurred.  Id. at 211-12.  Petitioner does not dispute that a

7   witness testified that petitioner unzipped his pants, moved his hand to the area of his genitalia

8   and began moving his arm up and down.  Resp'ts' Lodged Doc. #1 at 3.  The existence of this

9   evidence, and the lack of a showing that such evidence is not credible, precludes the court from

10  finding that evidence of innocence is "so strong that the court cannot have confidence in the

11  outcome of [petitioner's] trial."  Schlup, 513 U.S. at 316.

12          For all the foregoing reasons, the court will recommend that the respondents'

13  motion to dismiss be granted.

14          Accordingly, IT IS HEREBY RECOMMENDED that:

15          1.  Respondents' June 29, 2007 motion to dismiss be granted;

16          2.  Petitioner's application for writ of habeas corpus be dismissed; and

17          3.  This case be closed.

18          These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  /////

23  /////

24  /////

25  /////

26  /////

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten days after service of the objections.  The parties are advised

3  that failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  December 20, 2007.

6

7  _____
   U.S. MAGISTRATE JUDGE

8

9

10  1/brit2317.157

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26