IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DOUGLAS BRITT, | |
|---|---|
| Petitioner, | No. 2:06-cv-02317-JKS-KJM |
| vs. | ORDER |
| D.L. RUNNELS, *et al.*,, | |
| Respondents. | |

      Petitioner, Douglas Britt, a state prisoner appearing through counsel, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On December 21, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Petitioner has filed objections to the Findings and Recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

      Britt has raised six objections to the Findings and Recommendations.  (1)  Failure to toll the period between June 28 through July 14, 2006, under § 2244(d)(1); (2) Failure to equitably toll the period between June 28 through July 14, 2006; (3) failure to equitably toll the period between July 14 and August 1, 2006; (4) Magistrate Judge erred in making a factual determination without briefing; (5) Magistrate Judge erred in not analyzing all issues raised in

the pleadings; and (6) the magistrate Judge erred in not considering actual innocence as waiving the one-year limitation period.

Britt's direct appeals concluded with the denial of review by the California Supreme Court on February 19, 2003; his conviction became final 90 days later May 20, 2003. The one year statute of limitations began to run on the next day, May 21, 2003. Britt subsequently filed five post-conviction collateral challenges to his conviction in the state courts.

First Petition: Filed February 23, 2004, in the California Court of Appeal, denied February 26, 2004.

Second Petition: Filed March 22, 2004, in the Sacramento County Superior Court, and denied April 21, 2004.

Third Petition: Filed November 22, 2004, in the Sacramento County Superior Court, denied December 28, 2004, with citation to *In re Clark*, 5 Cal.4th 750, 767 (1993).[1]

Fourth Petition: Filed March 24, 2005, in the Third District Court of Appeal, denied June 23, 2005.

Fifth Petition: Filed August 29, 2005, in the California Supreme Court, denied June 28, 2006.

The parties agree that 278 days had lapsed before Britt filed his first habeas petition in the California Court of Appeals, leaving 87 days. The parties also agree that the one-year limitation period was tolled during the four days Britt's first petition was pending before the California Court of Appeals. 28 U.S.C. § 2244(d)(2). At that point, the parties diverge. Britt argues that the time subsequent to denial of his first petition is also excluded while the Respondent disagrees, at least as to the time interval between filings.

June 28 – July 14, 2006.

Britt argues that the period between the date the California Supreme Court denied his fifth habeas petition, June 28, 2006, and the date it was received by counsel, July 14, 2006, should be tolled either equitably or under § 2244(d)(1)(B) (state-created impediment) because notice was misaddressed by the California Supreme Court. Under § 2244(d)(2), an action is

---

[1] The Court notes that although both parties seem to agree that this petition was denied December 28, 2004, and it bears that date at the top of the order, it also bears a handwritten date of "1/3/05" adjacent to the signature line. As this discrepancy is minor and has no impact on the outcome, it is disregarded.

stayed while it is pending in the state courts. It is the decision of the state court that ends the pendency of state court proceedings for the purposes of § 2244(d)(2). *Gaston v. Palmer*, 417 F.3d 1030, 1036 (9th Cir. 2005), *as modified*, 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 127 S.Ct. 979 (2007) (Mem); *White v. Klitzkie,* 281 F.3d 920, 923-24 n.4 (9th Cir. 2002) (citing *Wixom v. Washington,* 264 F.3d 894, 897–98 (9th Cir. 2001)); *see also Hemmerle v. Schriro,* 495 F.3d 1069, 1077 (9th Cir. 2007). There is nothing in the statute or controlling authority that tolls the time through the time the decision is received by the prisoner; thus any delay in receipt does not toll the time.[2] Indeed, in similar situations where the time is measured from an event and not by notice, the time for notice to be received is not excluded. *See, e.g., Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994) (the 3-day mail rule does not apply in those situations). Assuming, without deciding, that the state-created impediment exclusion applies, that impediment was removed on July 10, 2006, when the decision of the California Supreme Court was redeposited in the mail correctly addressed and any tolling attributable thereto would end and the time restart the following day, July 11. The result would be the same if the period were equitably tolled. At that point, absent additional tolling, Britt had 87 days, until October 5, 2006, to file his petition.[3] His petition was filed October 19, 2006, 14 days late.

<u>July 14 – August 1, 2006 (Equitable Tolling)</u>.

Britt also argues that the Magistrate Judge incorrectly denied equitable tolling during the period July 14, 2006, through August 1, 2006, a period of 18 days. Prior to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the standard in this circuit for determining whether a petitioner was entitled to equitable tolling was when "extraordinary circumstances beyond a

---

[2] *Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000), cited by Britt, is neither controlling nor persuasive. In *Phillips* the Fifth Circuit, in remanding to the district court for an evidentiary hearing, held that a four-month delay in receipt of notice of denial *could* qualify for equitable tolling. Two facts stand out in contrast to this case. First, the delay in receipt, standing alone, was the direct cause of his untimely federal petition. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("These extraordinary circumstances must be the cause of the untimeliness.") (internal quotation marks, insertion, and citation omitted). Second, Phillips pursued the process with diligence after receiving notice of the denial. He filed for an out-of-time appeal within two days and his federal habeas petition within 30 days after his out-of-time appeal was denied.

[3] The Magistrate Judge appears to have assumed that the period through July 14, 2006, was tolled, either statutorily under § 2244(d)(1)(B) or equitably. Four days more than Britt was entitled to.

prisoner's control make it impossible to file a petition on time." *See, e.g., Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). It has been suggested that in *Pace* the Supreme Court articulated a new and less stringent standard, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." *Pace*, 544 U.S. at 418. As recently noted in *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008), Ninth Circuit cases since *Pace* have not settled on a consistent standard. *Compare, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006) (citing *Pace* and applying its standard), *with Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006) (applying the standard articulated in *Stillman*). The only case to address the issue noted the possibility that *Pace* "lowered the bar somewhat" compared with the previous standard. *See Espinoza-Matthews,* 432 F.3d 1021, 1026 n.5 (9th Cir. 2005). That case does not decide whether a substantive difference exists between the two standards. *See id.* Like the Ninth Circuit panel in *Harris*, this Court need not decide whether there is any substantive difference; Britt fails to make a case under either standard.

      Britt argues that because counsel who had represented him through the state court proceedings had left the employ of current counsel it took until August 1 for counsel to determine which one would represent Britt in his federal habeas proceeding, during which time it was impossible for Britt to file a petition. Britt, relying on *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1287 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc), a capital case, contends that these are extraordinary circumstances beyond his control that fall within the scope of *Beeler*. The Court disagrees. The facts in this case and those in *Beeler* differ materially. First, in addition to being a capital case, Beeler obtained a stay of execution from the district court through his appointed counsel, which also set a deadline by which the petition was to be filed. Second, prior to the initial deadline, Beeler obtained a second extension when his lead counsel withdrew from representation, which extension exceeded the limitation period. On a petition for a writ of mandamus, the Ninth Circuit declined to upset the district court, holding that the following extraordinary circumstances justified tolling:

> The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left

behind was not usable by replacement counsel—a turn of events over which Beeler had no control.

In his objections, Britt, in an attempt to bring himself within the scope of *Beeler*, states: "<u>Indeed, that is the exact factual scenario presented in this case, as it was the assessment of the work product by new counsel that resulted in it taking about 70 days to file the new petition.</u>" (Underlining in the original.)  This point was not raised in the opposition to the motion to dismiss; nor is it supported by the declaration submitted by counsel for Britt in opposition to the motion.  In his declaration in support of the opposition to the motion, counsel for Britt stated: "Mr. McCann had no agreement to move the Britt case forward into federal court and I had no such agreement with the Britt's either."  The alleged "extraordinary circumstances" consisted of nothing more than a delay of less than three weeks in obtaining counsel.  There is nothing extraordinary about obtaining counsel, or in two or more counsel discussing the representation of a client.  Nor, for that matter, is obtaining counsel beyond the control of the prisoner.  There is simply no authority to support a finding that the short delay in resolving the issue of which attorney was going to represent Britt constituted "extraordinary circumstances beyond the control" of Britt.  *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (holding that the fact notice was received while the attorney was out of the country and he did not return until 17 days later did not support equitable tolling).

Britt argues that the fact that he is a sex offender, which makes it more difficult for him to participate in his legal proceedings, is a basis for tolling that 18-day period.  Again, Britt cites no authority for this position and independent research by the Court has not found any such authority, controlling or otherwise.  Where Britt's argument fails is that the extraordinary circumstance must be beyond his control.  The fact that Britt was convicted of a sex crime, the predicate to the circumstance in which Brit finds himself, was not a circumstance beyond his control.  This Court agrees with Judge Pechman of the Western District of Washington in the case of a convicted sex offender who said: "nor does the Court regard Plaintiff's asserted fears about going to the prison law library or bringing his court papers to prison as 'extraordinary circumstances' to justify his delay in filing this petition." *Barberg v. Quinn*, 2007 WL 641850 *1 (W.D.Wash. 2007).  Britt is not entitled to equitable tolling of the period July 14 through August 1, 2006.

Although the foregoing disposes of the matter, the Court will nonetheless briefly address the remaining three objections raised.

Deciding a Factual Question Without Briefing.

Britt complains that in connection with ruling on the July 14, 2006, through August 1, 2006, period, the Magistrate Judge erred in finding without briefing by the parties that "petitioner fails to present anything indicating that this short delay made it impossible for petitioner to file within 87 days of July 15, 2006—or by October 10, 2006," citing *Espinoza-Matthews*, 432 F.3d at 1026. Britt's complaint is that the issue was not raised in the motion to dismiss and, therefore, was not addressed in the opposition. What Britt overlooks is that the burden of establishing entitlement to equitable tolling is on the petitioner. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. Thus, the burden was on Britt to establish that he had been pursuing his rights diligently, and that in some way the extraordinary circumstances prevented filing timely. In determining whether a petitioner is proceeding with due diligence, it is appropriate to look at the reasons for the delay both preceding and following the decision of the state courts. *See, id.* at 419. Thus, it was Britt's burden to show that during *both* the initial 278 days *and* the 87 remaining days from July 14 (or July 10, as correctly calculated) he was pursuing his rights diligently, but that he was prevented from doing so because of some extraordinary circumstance. Britt made no such showing, and the Magistrate Judge did not err in taking that into consideration.

Analysis of Issues.

The Court agrees that the Magistrate Judge did not provide an analysis of the June 28 – July 14, 2006, period. It is, however, readily apparent from the Findings and Recommendations that the Magistrate Judge in making her determination found that the limitation period was tolled during that period. As to the 18-day period July 14 – August 1, 2006, Britt simply argues that a more detailed analysis of the asserted basis (as a sex offender he could not proceed *pro se*) would be helpful. The Court finds Britt's objection to be unpersuasive.

Actual Innocence as Suspending Limitation Period.

Britt cites no authority in support of his argument that an actual innocence claim, even if established, tolls the running of the one-year limitation period of § 2244(d)(1), and independent research by the Court has not found any such controlling authority. *See Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir. 2002); *Roe v. U.S. Dist. Court for the Northern Dist. of California* (*In re Roe*), 257 F.3d. 1077, 1078 n.1 (9th Cir. 2001). The Court need not reach that issue because, even assuming that it does, Britt fails to establish the elements necessary to pass through the actual innocence gateway.

In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 299 (1995). Britt has not "support[ed] his allegations of constitutional error with new reliable evidence,—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Id.* at 324; *see also Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir. 2000) ("[A]ctual innocence must be based on reliable evidence not presented at trial.") (citation omitted). Britt has not suggested the existence of any new exculpatory evidence whatsoever. Britt's claim of innocence is based solely on the argument that there was not sufficient evidence of guilt at trial to support his conviction of indecent exposure, an argument rejected by the California courts. This sufficiency of the evidence argument is not enough to make out a claim of actual innocence. *See Bousley v. United States,* 523 U.S. 614, 623 (1998) (" '[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

The California courts having determined that under California law there was sufficient evidence to convict Britt of indecent exposure, review of that issue is beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a

federal habeas court cannot reexamine a state court's interpretation and application of state law). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law. *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979).

The Magistrate Judge did not err in declining to suspend the one-year limitation period on Britt's "actual innocence" claim.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed December 21, 2007, as modified and supplemented herein, are adopted;

2. Respondents' motion to dismiss at Docket No. 12 is GRANTED;

3. The petition for a writ of habeas corpus is DISMISSED; and

4. The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: June 24, 2008.

                                         s/ James K. Singleton, Jr.
                                         JAMES K. SINGLETON, JR.
                                         United States District Judge